1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              San Francisco Division

11    FENG ZHOU,                              Case No. 24-cv-09146-LB

12              Plaintiff,

13        v.                                  **ORDER GRANTING MOTION FOR**
                                              **SUMMARY JUDGMENT**
14    ALEJANDRO MAYORKAS, et al.,
                                              Re: ECF No. 23
15              Defendants.

16

17                       **INTRODUCTION AND STATEMENT**

18        Plaintiff Feng Zhou, a Chinese citizen, arrived in the United States in December 2019 and

19    applied for asylum in May 2021. Because the defendants have not scheduled his interview yet, in

20    December 2024, he sought mandamus relief under Administrative Procedure Act (APA), 5 U.S.C.

21    § 706(1), and the Mandamus Act, 28 U.S.C. § 1161, to compel the defendants to act on his asylum

22    petition.[1] The defendants moved for summary judgment, contending that the court lacks subject-

23    matter jurisdiction, the plaintiff's mandamus claim is not viable, and the defendants have not

24    unreasonably delayed his interview under the APA.[2] The defendants submitted declarations

25    explaining the asylum process, the ability of asylum applicants to obtain an employment-

26

27    [1] Compl. – ECF No. 1 at 3–8 (¶¶ 8, 15, 21–35). Citations refer to material in the Electronic Case File
      (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

28    [2] Mot. – ECF No. 23 at 19–29.

ORDER – No. 24-cv-09146-LB

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    authorization document, and the defendants' asylum scheduling and backlog management, which

2    utilizes two tracks prioritizing recently filed cases and the oldest cases, respectively.[3] *Su v.*

3    *Mayorkas*, 698 F. Supp. 3d 1168, 1172–74 (N.D. Cal. 2023) (summarizing equivalent

4    declarations). The Director of the San Francisco Asylum Office declares that the plaintiff was

5    granted an employment-authorization document on August 16, 2022, which the plaintiff renewed

6    in March 2024.[4] Also, the plaintiff has not requested advance parole (to travel outside the United

7    States and then return), has not asked to be put on the short-notice interview list, and "has not

8    requested an expedited adjudication . . . to address urgent humanitarian emergencies."[5]

9        The court has subject-matter jurisdiction. 28 U.S.C. § 1331. All parties consented to magistrate-

10   judge jurisdiction.[6] *Id.* § 636(c). The court can decide the motion without oral argument. Civil L.R.

11   7-1(b). The court grants the defendants' motion for summary judgment because the defendants have

12   not unreasonably delayed acting on the plaintiff's asylum application.

13

14                                **STANDARD OF REVIEW**

15       The court must grant a motion for summary judgment if the movant shows that there is no

16   genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of

17   law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material

18   facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about

19   a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for

20   the non-moving party. *Id.* at 248–49.

21       The party moving for summary judgment has the initial burden of informing the court of the

22   basis for the motion, and identifying portions of the pleadings, depositions, answers to

23   interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material

24

---

25   [3] Lassen Decl. – ECF No. 23-1; Lehman Decl. – ECF No. 23-2; Friend Decl. & Exs. 1–12 – ECF No.
26   23-3.

     [4] Lehman Decl. – ECF No. 23-2 at 4 (¶¶ 17–18).

27   [5] *Id.* (¶¶ 15–16, 20).

28   [6] Consents – ECF Nos. 11, 20.

United States District Court
Northern District of California

1    fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party

2    must either produce evidence negating an essential element of the nonmoving party's claim or

3    defense or show that the nonmoving party does not have enough evidence of an essential element to

4    carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

5    F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

6        If the moving party meets its initial burden, the burden shifts to the non-moving party to produce

7    evidence supporting its claims or defenses. *Nissan Fire*, 210 F.3d at 1103. The non-moving party

8    may not rest upon mere allegations or denials of the adverse party's evidence but instead must

9    produce admissible evidence that shows there is a genuine issue of material fact for trial. *Devereaux*,

10   263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of

11   material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In ruling

12   on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the

13   light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

14   U.S. 574, 587 (1986).

**ANALYSIS**

16   Under the APA, the court may "compel agency action unlawfully withheld or unreasonably

17   delayed." 5 U.S.C. § 706(1). Under the Mandamus Act, district courts "have original jurisdiction of

18   any action in the nature of mandamus to compel an officer or employee of the United States or any

19   agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Because mandamus

20   relief and relief under the APA are in essence the same, when a complaint seeks relief under the

21   Mandamus Act and the APA and there is an adequate remedy under the APA, [the court] may elect

22   to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (cleaned up).

23   "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to

24   take a discrete agency action that it is required to take." *Id.* at 1135–36 (quoting *Norton v. S. Utah*

25   *Wilderness All.*, 542 U.S. 55, 64 (2004)). "Thus, a court may compel agency action under the APA

26   when the agency (1) has a clear, certain, and mandatory duty, and (2) has unreasonably delayed in

27   performing such duty." *Id.* at 1136 (cleaned up).

28

United States District Court
Northern District of California

1    Under the Immigration and Nationality Act, "in the absence of exceptional circumstances, the

2    initial interview or hearing on [an] asylum application shall commence not later than [forty-five]

3    days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). But "[n]othing in this

4    subsection shall be construed to create any substantive or procedural right or benefit that is legally

5    enforceable by any party against the United States or its agencies or officers or any other person."

6    *Id.* § 1158(d)(7).

7

8    **1.  Subject-Matter Jurisdiction**

9    The defendants contend that the APA does not provide an independent basis for subject-matter

10   jurisdiction and instead creates a limited cause of action for agency actions unreasonably delayed,

11   limited to compelling agency action required by law. They cite cases where courts have held that

12   there is no agency action required by law and that as a result, the court lacks jurisdiction to compel

13   the scheduling of an interview or the adjudication of asylum applications. They recognize that

14   courts in this district have held that there is jurisdiction to review an APA claim that the defendants

15   failed to act within a reasonable time.[7] *Su*, 698 F. Supp. 3d at 1175 (collecting cases); *Dang v.*

16   *Mayorkas*, No. 23-cv-02212-LB, 2023 WL 8007993, at *3 (N.D. Cal. Nov. 17, 2023). Those cases

17   are persuasive. The court has subject-matter jurisdiction to consider the claim of delay.

18

19   **2.  APA**

20   Mandamus relief is not available to compel the scheduling of an interview.[8] *Su*, 698 F. Supp.

21   3d at 1175 (collecting cases); *Ou v. Johnson*, No. 15-CV-03936-BLF, 2016 WL 7238850, at *2

22   (N.D. Cal. Feb. 16, 2016) (same). Under the APA, the issue is whether the defendants have

23   unreasonably delayed in performing their duty. *Vaz*, 33 F.4th at 1135. Courts consider the factors

24

25

26   _____
     [7] Mot. – ECF No. 23 at 19 n.4 (collecting cases).

27   [8] The parties essentially agree on this point. Mot. – ECF No. 23 at 18–19 (section 1158(d)(5)(A)
     cannot form the basis for mandamus relief (quoting *Su*, 698 F. Supp. 3d at 1176)); Opp'n – ECF No.
28   24 at 5 (the plaintiff's mandamus claim falls within the APA claim).

ORDER – No. 24-cv-09146-LB                        4

1    in *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*); *Indep.*

2    *Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (applying *TRAC*). Those factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with
> which it expects the agency to proceed in the enabling statute, that statutory scheme
> may supply content for this rule of reason; (3) delays that might be reasonable in the
> sphere of economic regulation are less tolerable when human health and welfare are
> at stake; (4) the court should consider the effect of expediting delayed action on
> agency activities of a higher or competing priority; (5) the court should also take into
> account the nature and extent of the interests prejudiced by the delay; and (6) the
> court need not find any impropriety lurking behind agency lassitude in order to hold
> that agency action is unreasonably delayed.

9    *TRAC*, 750 F.2d at 80. The first factor is the most important, but it is not determinative, and in this

10   circuit, courts must consider each factor. *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017).

11   The period of delay is from the last government action to the issuance of the decision. *Nusrat v.*

12   *Blinken*, No. CV 21-2801 (TJK), 2022 WL 4103860, at *6 n.6 (D.D.C. Sept. 8, 2022).

13       The *TRAC* factors — considering a delay from May 2021 to now — favor the defendants.

14       The first TRAC factor — the agency's two-track system prioritizing recently filed applications

15   and the oldest cases — is a sufficient rule of reason because it discourages frivolous filings and

16   addresses the backlog. *Su*, 698 F. Supp. 3d at 1177 (collecting cases). In addition, delays of four

17   years or less are not unreasonable under the APA. *Ou*, 2016 WL 7238850, at *3 (collecting cases);

18   *Su*, 698 F. Supp. 3d at 1178 (delays of over five years can be reasonable).

19       The second TRAC factor is at least neutral: Congress has provided a clear timetable for

20   processing asylum applications. *Su*, 698 F. Supp. 3d at 1177–78.

21       Factors three and five — which overlap and concern whether human health and welfare are at

22   stake and the nature and extent of the interests prejudiced by delay — favor the defendants. *Id.* at

23   1178–79. Prejudice is inherent in the asylum process. *Teymouri v. U.S. Citizenship & Immigr.*

24   *Servs.*, No. CV 22-7689 PA (JCX), 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022). The

25   plaintiff, who has not identified any risk to his health or welfare, can work and remain in the U.S.

26   pending adjudication of his petition. *Su*, 698 F. Supp. 3d at 1178–79 (collecting cases); *Dang*, 2023

27   WL 8007993, at *4.

28

United States District Court
Northern District of California

1    The fourth factor — the agency's competing priorities in the form of other asylum applicants

2    — favors the defendants too, at least when the length of delay has not reached four or five years.

3    Relief in the form of moving the plaintiff to the head of the queue would not reduce the backlog

4    and would favor the plaintiff's later application at the expense of earlier applicants. *Su*, 698 F.

5    Supp. 3d at 1179 (collecting cases); *Ou*, 2016 WL 7238850, at *4 (same).

6    The sixth factor is agency impropriety, which the plaintiff has not alleged.[9]

7    In sum, the *TRAC* factors favor the defendants and warrant summary judgment.[10]

8

9                              **CONCLUSION**

10    The court grants the defendants summary judgment. This resolves ECF No. 23.

11    **IT IS SO ORDERED.**

12    Dated: August 12, 2025

13                                        LAUREL BEELER
                                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

---

23    [9] Opp'n – ECF No. 24 at 11 (noting that "the court need not find any impropriety . . . to hold that agency action is unreasonably delayed" (quoting *TRAC*, 750 F.2d at 80)).

24    [10] The plaintiff asserted due-process and equal-protection claims. Compl. – ECF No. 2 at 8 (¶¶ 33–34). He did not oppose the defendants' argument that an unreasonable delay in adjudicating an asylum

25    application is not a due-process violation. Mot. – ECF No. 23 at 29 (citing *Yilmaz v. Jadou*, 697 F. Supp. 3d 951, 961–62 (C.D. Cal. 2023); *Varol v. Radel*, 420 F. Supp. 3d 1089, 1099 (S.D. Cal. 2019)

26    (collecting cases)). He thus concedes it. *Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWx), 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) (failure to oppose an argument concedes

27    it); *Narang v. Gerber Life Ins. Co.*, No. 18-CV-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018) (same; collecting cases). He did not plead facts supporting an equal-protection claim or

28    argue the issue in his opposition.

United States District Court
Northern District of California